UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x   No. 24-CV-_____

CONSWALER FITZROY,

                              Plaintiff,                            **NOTICE OF REMOVAL**

                          -against-

CITY OF NEW YORK, METROPOLITAN TRANSIT
AUTHORITY, and JOHN DOES 1-5,

                              Defendants,

---------------------------------------------------------------------------x

        Defendant METROPOLITAN TRANSPORTATION AUTHORITY ("MTA")[1] respectfully files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, giving notice that it is removing this civil action to the United States District Court for the Eastern District of New York. In support of this Notice of Removal, MTA states the following:

**STATE COURT ACTION**

        1.        On or about June 15, 2023, Plaintiff Conswaler Fitzroy ("Plaintiff") commenced this action by filing a Complaint in the Supreme Court of the State of New York, Kings County, captioned Conswaler Fitzroy v. City of New York, Metropolitan Transit Authority, and John Does 1-5, bearing Index No. 510573/2024 ("State Court Action"). Attached as Exhibit A is a copy of the Summons and Complaint in the State Court Action.

        2.        On or about April 18, 2024, Plaintiff served MTA with her Complaint. Attached as Exhibit B is a copy of the affidavit of service upon MTA.

        3.        This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within 30 days from the date on which Plaintiff served her Complaint. See 28 U.S.C. § 1446(b).

---

[1] Plaintiff has mistakenly named MTA as Metropolitan <u>Transit</u> Authority, instead of its official name Metropolitan <u>Transportation</u> Authority. New York Public Authorities Law § 1264.

1

4.	Upon information and belief, no other process, pleading or order has been filed in the State Court action. No orders have been signed by the state judge presiding over this action, and there are no pending motions.

### CONSENT OF CO-DEFENDANT

5.	Upon information and belief, on or about April 18, 2024, Plaintiff served co-defendant City of New York (the "City") with her Complaint. Attached as Exhibit C is a copy of the affidavit of service upon the City.

6.	MTA has received the consent of the City for removal of this action under 28 U.S.C. § 1446(b)(2). Annexed hereto as Exhibit D is a copy of the notice of consent to remove executed by counsel for the City.

### GROUNDS FOR REMOVAL

7.	Defendants remove this action based on federal question jurisdiction under 28 U.S.C. §1441(a). This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims arising under 42 U.S.C. § 1983 and 1988.

8.	Particularly, Plaintiff alleges Defendants deprived him of her civil rights under the Fourth, Eighth, and Ninth Amendments under the United States Constitution by unreasonable search, seizure, as well as violating her right to personal liberty.

9.	This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

### FEDERAL QUESTION JURISDICTION

10.	This Court has original jurisdiction over the State Court Action, a civil matter, under 28 U.S.C. § 1331. Therefore, the State Court Action may be properly removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446

in that it arises under federal law and presents a federal question, namely whether Defendants deprived Plaintiff of her civil rights under the Fourth, Eighth, and Ninth Amendments under the United States Constitution. See Ex. A, at ¶¶ 7-11, 28-29, and 32-34.

11. Additionally, federal courts may exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as claims that are properly within the jurisdiction of the federal court. See 28 U.S.C. §1367(a).

12. Supplemental jurisdiction over Plaintiff's state law claims is proper because Plaintiff's claims for false arrest is related to Plaintiff's federal claim as they are part of the same case or controversy under Article III of the United States Constitution and because no novel or complex issue of state law predominates. See 28 U.S.C. §§ 1441(c) and 1367.

13. Because the Plaintiff brings an action arising under the laws of the United States, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is therefore removable to this Court pursuant to 28 U.S.C. §1441(a).

## VENUE

14. Venue is proper in the United States District Court for the Eastern District of New York because the territorial jurisdiction of this Court includes the division and court within which the State Court Action is pending, as required by 28 U.S.C. §§ 110, 1441(a) and 1446(a).

## NOTICES

15. Attached hereto as Exhibit E is a true and correct copy of the Notice to Clerk of the Supreme Court of New York of Filing of Notice of Removal, the original of which is being filed with the Supreme Court of the State of New York, County of Kings, as required by 28 U.S.C. § 1446(d).

16.    Attached hereto as Exhibit F is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

17.    The required filing fee of $400.00 and an executed civil cover sheet accompany this notice.

18.    By filing this Notice of Removal, MTA does not waive any defenses available to it at law, equity or otherwise. Defendants intend no admission of fact or law by this Notice and expressly reserve all defenses and motions.

19.    If the Court should be inclined to remand this action, MTA requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendants an opportunity to present briefing and argument prior to any possible review.

**WHEREFORE**, MTA respectfully requests that the United States District Court for the Eastern District of New York assume jurisdiction over the above-captioned action and issue such further orders and process as necessary to bring before it all parties necessary or trial of this action.

Dated:  New York, New York
         April 23, 2024

PAIGE GRAVES
General Counsel
Metropolitan Transportation Authority
*Attorney for Defendant*

By: _____
Hsiao-Hsiang (Catherine) Wan
Deputy General Counsel
Commercial Litigation
2 Broadway, 24th Floor
New York, New York 10004
Tel: (646) 252-7295
Hsiao.Wan@MTAHQ.ORG

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, I caused a true and correct copy of MTA's Notice of Removal, including exhibits, to be served via Federal Express standard overnight delivery and mail at the following address of record:

John V. Tait, Esq.
Law Office of Michael H. Joseph, PLLC
203 East Post Road
White Plains, NY 10601
Attorneys for Plaintiff


City of New York
100 Church Street
New York, NY

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Dated: April 23, 2024

_____
Hsiao-Hsiang (Catherine) Wan