# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CONSWALER FITZROY,

                Plaintiff(s),      Index No.:

   -against-

CITY OF NEW YORK,                    Basis of Venue: Plaintiff's residence
METROPOLITAN TRANSIT AUTHORITY,
and JOHN DOES 1-5,

                Defendant(s)

---

## SUMMONS IN A CIVIL ACTION

To the above-named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff/Plaintiff's Attorney(s) within twenty (20) days after service of this summons, exclusive of the day of service, where service is made upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
       March 29, 2024

                            LAW OFFICE OF MICHAEL H. JOSEPH, PLLC

                            By: _____
                               John V. Tait
                               203 East Post Road
                               White Plains, NY 10601
                               914-574-8330

TO:     The City of New York
         Office of the Comptroller
         1 Centre Street, Room 1200
         New York, NY 10007

         Metropolitan Transit Authority
         2 Broadway
         New York, NY 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
_____

CONSWALER FITZROY

       Plaintiff(s)    Index No.:

 -against-         **VERIFIED COMPLAINT**

CITY OF NEW YORK, METROPOLITAN
TRANSIT AUTHORITY, and JOHN DOES
1-5,

       Defendant(s)
_____

**JURY TRIAL DEMANDED**

  Plaintiff, by and through his undersigned attorneys, Law Office of Michael H. Joseph, PLLC, as for his complaint against Defendants states:

  1. At all relevant times herein, plaintiff, Conslwaler Fitzroy, was and is a resident of the State of New York, County of Kings

  2. At all relevant times herein, CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

  3. At all relevant times herein, METROPOLITAN TRANSIT AUTHORITY was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

  4. On or about November 6, 2023, and at all times relevant herein, John Does 1-5 were duly sworn police officers employed by defendants.

  5. On or about November 6, 2023, and at all times relevant herein, John Does 1-5 was acting under the color of law and acting in the course and scope of their employment.

6. On or about, November 6, 2023 at approximately 4:08 PM, plaintiff was lawfully in the vicinity of Staten Island Ferry Bus Terminal C ramp.

7. Plaintiff entered a Staten Island Bus, upon information and belief, bearing Bus number 51. Plaintiff was immediately told to leave the bus by a John Doe defendant, who upon information and belief, worked for the MTA.

8. Plaintiff asked the MTA John Doe defendant why should leave the bus, and received no response.

9. Moments later, multiple John Doe defendant NYPD police officers entered the bus through the front and rear doors, approached plaintiff, and told her to get off the bus and arrested her.

10. Plaintiff was handcuffed and placed in an unmarked van and taken to the 120th Precinct.

11. Plaintiff suffered injuries to her wrists and ribs during the arrest and suffered nausea due to the unlawful arrest and treatment of plaintiff, and she went to the hospital for treatment upon release from custody.

12. A John Doe NYPD defendant damaged her phone after her arrest.

**COUNT I: FALSE ARREST UNDER NEW YORK STATE LAW**

13. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

14. On or about November 6, 2023, at approximately 4:08 p.m., Plaintiff was lawfully on a Staten Island bus in the vicinity of Staten Island Ferry Bus Terminal.

15. At the aforesaid date, time, and place, Plaintiff had not committed any crime nor was there any reasonable suspicion to believe that Plaintiff had committed a crime.

16. At the aforementioned time, date, and place, Defendant CITY OF NEW YORK and METROPOLITAN TRANSIT AUTHORITY unlawfully seized, searched, and falsely arrested Plaintiff.

17. At the aforementioned time, date, and place, there was no probable cause or reasonable suspicion to believe that Plaintiff committed any crimes, in that she only lawfully entered the bus.

18. Defendants arrested, confined, and caused Plaintiff to deprived of her freedom and liberty, all without a cause, excuse, or justification and without Plaintiff's consent.

19. Defendants' actions violated clearly established rights.

20. No reasonable officer in the position of defendants John Does 1-5 would have believed the actions of John Does 1-5 herein were objectively reasonable.

21. As a direct and proximate result of the foregoing acts committed by the Defendants, Plaintiff suffered severe emotional harm, great humiliation, ridicule, mental anguish, depression, mental shock, mental and physical trauma, and pain and was caused to be deprived of her freedom.

22. The Defendants are jointly and severally liable for the harms caused to Plaintiff.

23. Within ninety days after the occurrence complained of herein, Plaintiff served a verified Notice of Claim upon the defendants based on the facts contained herein; more than 30 days have elapsed since the service of such notice and the defendants have failed, neglected and refused to make adjustment or payment thereof; and, this action has been commenced within one year and ninety days after the happening of the events upon which these claims are based.

24. A statutory hearing has been held and all prerequisites to suit have been fulfilled.

25. The CITY OF NEW YORK and METROPOLITAN TRANSIT AUTHORITY is vicariously liable for the acts and omissions of John Does 1-5 complained of herein, all of which were committed in the course and scope of their employment based upon respondeat superior.

26. The amounts sought herein exceed the jurisdictional limits of all courts of inferior jurisdiction.

## COUNT II: FALSE ARREST UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

28. By making the aforesaid arrest of the Plaintiff, without probable cause, justification and privilege, Defendants' actions violated the Plaintiff's civil rights, including but not limited to his rights under the Fourth, Eighth, and Ninth Amendments of the United States Constitution, including but not limited to, the right not to be unreasonably seized and searched, as well as his right to personal liberty.

29. As a direct and proximate result of the foregoing acts committed by the Defendants, Plaintiff suffered severe emotional harm, great humiliation, ridicule, mental anguish, depression, mental shock, mental and physical trauma, and pain and was caused to deprived of the rights and immunities guaranteed by the United States Constitution, as well as the constitution of the State of New York.

30. Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III: CUSTOM, POLICY, AND MONNELL LIABILITY

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

32. At all times relevant herein, the CITY OF NEW YORK and METROPOLITAN TRANSIT AUTHORITY had a custom, policy, and practice of improper hiring, training, and supervision, allowing and permitting constitutional violations, tacitly permitting the abuse of detainees by officers, and failing to discipline officers so that that such deficiencies were likely to cause a violation of civil rights.

33. The CITY OF NEW YORK and METROPOLITAN TRANSIT AUTHORITY acted in accordance with the custom, policy, and practice, in their arrest of the Plaintiff thereby allowing improper conduct to occur and failing to prevent the occurrences described herein.

34. The aforementioned customs, policies, and practices proximately caused the constitutional violations against Plaintiff and the aforementioned harms and injuries to Plaintiff.

35. Defendants are jointly and severally liable.

**COUNT IV: ATTORNEYS FEES AND COSTS UNDER 42 U.S.C. § 1988**

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length

37. The foregoing events constitute violations of Plaintiff's statutory and constitutional rights, thereby entitling her to attorney's fees, costs and disbursements as permitted by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff demands that judgment be entered for Plaintiff against Defendants in an amount to be determined by the trier of fact for compensatory and punitive damages, plus attorney's fees, interest, costs and disbursements, along with whatever further relief the Court deems just and proper.

Dated: White Plains, N.Y.
April 12, 2024

                Yours etc.,

        LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

BY: _____
       John Tait
       203 East Post Road
       White Plains, New York 10601
       Tel: (914) 574-8330
       Fax: (914) 358-5379
       Email: john@newyorktriallawyers.org

## VERIFICATION

I, John V. Tait, the undersigned, an attorney admitted to practice in the State of New York, state that I am associated with the LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C. attorneys of records for Plaintiff in the within action; I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matter I believe them to be true. The reason this verification is made by me and not by Plaintiff is because the Plaintiff currently is not in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records, memoranda in my file together with my own investigation.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: White Plains, New York,
April 12, 2024

_____
John Tait