UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CONSWALER FITZROY,

    Plaintiff,

    -v-

CITY OF NEW YORK, METROPOLITAN
TRANSIT AUTHORITY, and JOHN DOES 1-5,

    Defendants.
------------------------------------------------------------ x

**No. 24 Civ. 3016 (JAM)**

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT METROPOLITAN TRANSPORTATION AUTHORITY'S
# MOTION TO DISMISS

**Date of Service: May 28, 2024**

1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 2

    I.    The Complaint's Allegations ............................................................................... 2

    II.    Procedural History ............................................................................................... 4

LEGAL STANDARD .................................................................................................................. 5

ARGUMENT ............................................................................................................................... 5

    I.    Plaintiff's False Arrest Claim Must Be Dismissed ............................................. 5

        A.    The NYPD Police Officers, Not The MTA Employee, Arrested The Plaintiff Based Upon Their Own Independent Judgment ...................................... 6

        B.    Even If The MTA Employee Had Sought Police Assistance, He Still Remain A Private Party, And Not A State Actor ................................................ 8

        C.    Similarly Fatal To The Complaint, It Does Not Allege That The MTA Employee Intended To Confine Or Actually Confined The Plaintiff ..................... 9

        D.    The Complaint Does Not State A Cognizable False Arrest Claim Against The MTA ............................................................................................................... 10

    II.    The Plaintiff's State Law False Arrest Claim Must Be Dismissed For Failure To Timely File A Notice Of Claim As Required By New York Law ........................ 12

        A.    The Plaintiff Failed To Timely Serve The Notice Of Claim Upon The MTA 12

        B.    The November 2023 Unsigned Notice Of Claim Was Emailed To The NYCTA, Not The MTA ................................................................................... 13

    III.    The Complaint Should Be Dismissed With Prejudice ...................................... 14

CONCLUSION ........................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Adams v. City of New York*, 2023 U.S. Dist. LEXIS 57500 (E.D.N.Y. Mar. 31, 2023) ............... 11

*Adams v. New York City Transit Auth.*, 140 A.D.2d 572 (2d Dep't 1988) .................................. 14

*Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060 (2d Cir. 1989) .................................................. 10

*Alvarez v. Cnty. of Orange*, N.Y., 95 F. Supp. 3d 385 (S.D.N.Y. 2015) ...................................... 13

*Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343 (2d Cir. 2022) .................... 2

*Asseng v. County of Nassau*, No. 14-CV-5275(JS)(AYS), 2015 U.S. Dist. LEXIS 100310 (E.D.N.Y. Jul. 30, 2015) ............................................................................................................ 14

*Bass v. Jackson*, 790 F.2d 260 (2d Cir. 1986) ............................................................................... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................... 5

*Bernard v. United States*, 25 F.3d 98 (2d Cir. 1994) ...................................................................... 9

*Betts v. Shearman*, 751 F.3d 78 (2d Cir. 2014) .............................................................................. 9

*Bordeau v. Metro. Transit Auth.*, No. 06-cv-6781 (DLI)(RER), 2008 U.S. Dist. LEXIS 75786 (E.D.N.Y. Sep. 30, 2008) ............................................................................................................ 14

*Brown v. Daikin Am. Inc.*, 756 F.3d 219 (2d Cir. 2014) ................................................................. 5

*Byrd v. Metro. Transit Auth.*, No. 15-cv-1364, 2015 U.S. Dist. LEXIS 98622 (E.D.N.Y. July 28, 2015) ............................................................................................................................................ 11

*Chabot v. Cty. of Rockland*, No. 18-cv-4109, 2019 U.S. Dist. LEXIS 124568 (S.D.N.Y. July 25, 2019) ............................................................................................................................................ 12

*Cooper v. City of New York*, No. 17-CV-1517(NGG)(RLM), 2018 U.S. Dist. LEXIS 170197 (E.D.N.Y. Sept. 29, 2018) ........................................................................................................... 13

*Curley v. AMR Corp.*, 153 F.3d 5 (2d Cir. 1998) ............................................................................ 7

*Davis v. City of New York*, No. 16 CV 4097 (CBA)(LB), 2017 U.S. Dist. LEXIS 138254 (E.D.N.Y. Aug. 24, 2017) ...................................................................................................... 3, 10

*Fincher v. County of Westchester*, 979 F. Supp. 989 (S.D.N.Y. 1997) ........................................ 12

*Ganesh v. N.Y. City Transit Auth.*, No. 19-CV-139(KAM)(LB), 2019 U.S. Dist. LEXIS 176322 (E.D.N.Y. Oct. 7, 2019) .............................................................................................................. 12

*Giaccio v. City of New York*, 308 Fed. Appx. 470 (2d Cir. 2009) ................................................ 11

*Ginsberg v. Healey Car & Truck Leasing*, 189 F.3d 268 (2d Cir. 1999) ...................................... 7

*Golden v. City of N.Y.*, 418 F. Supp. 2d 226 (E.D.N.Y. 2006) ..................................................... 9

*Harrison v. New York*, 95 F. Supp. 3d 293 (E.D.N.Y. 2015) ........................................................ 8

*Herman v. City of New York*, No. 15-cv-3059(JG), 2016 U.S. Dist. LEXIS 30293 (E.D.N.Y. Mar. 9, 2016) ............................................................................................................................. 8

*Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir. 1995) .................................................... 6

*Humbach v. Canon*, No. 13-CV-2512 (NSR), 2014 U.S. Dist. LEXIS 159632 (S.D.N.Y. Nov. 12, 2014) ....................................................................................................................................... 10

*Jallow v. City of N.Y.*, No. 20 Civ 6260 (LGS), 2021 U.S. Dist. LEXIS 243537 (S.D.N.Y. Dec. 21, 2021) .................................................................................................................................. 11

*Mazza v. City of New York*, No. 98-CV-2343, 1999 U.S. Dist. LEXIS 13192 (E.D.N.Y. July 13, 1999) ....................................................................................................................................... 13

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) .......................................... 15

*Moore v. N.Y.C. Police Dep't*, No. 23-cv-1300(ER), 2023 U.S. Dist. LEXIS 161416 (S.D.N.Y. Sep. 12, 2023) ........................................................................................................................... 9

*Myers v. City of New York*, 2015 U.S. Dist. LEXIS 199107 (S.D.N.Y. Sep. 30, 2015) ............... 14

*Parise v. N.Y.C. Dep't of Sanitation*, 306 F. App'x 695 (2d Cir. 2009) ....................................... 12

*People ex rel. Maxian v. Brown*, 77 N.Y.2d 422 (1991) .............................................................. 13

*Rodriguez v. N.Y. City Transit Auth.*, No. 06 Civ. 13762 (RJS), 2009 U.S. Dist. LEXIS 106464 (S.D.N.Y. Nov. 10, 2009) ......................................................................................................... 7

*Rodriguez v. Winski*, 973 F. Supp. 2d 411 (S.D.N.Y. 2013) ................................................... 8, 11

*Rosati v. Long Island R.R.*, No. 21-cv-8594, 2022 U.S. Dist. LEXIS 151522 (S.D.N.Y. Aug. 23, 2022) ....................................................................................................................................... 11

*Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) ............................................................................. 5

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129 (2d Cir. 1993) ..................................................... 15

*Russell v. Crossland Sav. Bank*, 111 F.3d 251 (2d Cir. 1997) .................................................. 8, 9

*Spiteri v. Russo*, No. 12-CV-2780, 2013 U.S. Dist. LEXIS 128379 (E.D.N.Y. Sep. 7, 2013) ...... 6

*Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442 (E.D.N.Y. 2012) .......................... 8

*Tulino v. City of N.Y.*, No. 15-cv-7106, 2016 U.S. Dist. LEXIS 66012 (S.D.N.Y. May 19, 2016) ............................................................................................................................................. 13

*Vlach v. Staiano*, 604 F. App'x 77 (2d Cir. 2015) ........................................................................ 7

*Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996) ................................................................................ 9

*Wheeler v. City of Middletown*, 2021 U.S. Dist. LEXIS 102770 (S.D.N.Y. Jun. 1, 2021) .......... 13

*Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183 (E.D.N.Y. 2010) ..................................................... 9

**Statutes**

42 U.S.C. § 1983 ............................................................................................................................ 4

42 U.S.C. § 1988 ............................................................................................................................ 4

Federal Rule of Civil Procedure 12(b)(6) ................................................................................. 1, 5

Federal Rule of Civil Procedure 15(a)(2) .................................................................................... 15

N.Y. Gen. Mun. Law § 50(e)(1) ................................................................................................... 12

N.Y. Pub. Auth. Law § 1264 .......................................................................................................... 1

N.Y. Pub. Auth. Law § 1266-h ....................................................................................................... 2

N.Y. Pub. Auth. Law § 1266-h(1) .................................................................................................. 3

N.Y. Pub. Auth. Law § 1276(2) .................................................................................................... 12

Defendant Metropolitan Transportation Authority ("MTA")[1] respectfully submits this memorandum of law in support of its motion to dismiss the Plaintiff's Complaint (ECF No. 1, Attachment 2) pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

## PRELIMINARY STATEMENT

The Complaint, which alleges false arrest claims against an unnamed MTA employee and multiple unnamed New York City Police Department ("NYPD") police officers, merits dismissal in its entirety as against the MTA.

Plaintiff's false arrest claims require dismissal for several reasons. As an initial matter, the Complaint alleges nothing to suggest that an MTA employee arrested the Plaintiff or played any active part in any such arrest on November 6, 2023. The Complaint further fails to plausibly allege that the NYPD police officers did not exercise their own independent judgment in arresting the Plaintiff.

Second, even assuming that the Plaintiff's arrest by the NYPD police officers was resulted from an MTA employee's seeking assistance (not alleged in the Complaint), the MTA employee's involvement would not be as a state actor, but simply a private party asking for police's help. This is insufficient to constitute joint action between the MTA and the NYPD within the meaning of Section 1983.

Furthermore, there is no allegation that the MTA employee intended to confine or actually confined the Plaintiff on November 6, 2023, nor is there any allegation about any agreement or concerted acts between the MTA employee and the NYPD to arrest the Plaintiff.

---

[1] The Plaintiff has mistakenly named the MTA as Metropolitan Transit Authority, instead of its official name Metropolitan Transportation Authority. N.Y. Pub. Auth. Law § 1264.

Equally significantly, the Complaint lacks any credible allegation that the MTA had an official policy or a widespread practice that resulted in its employee's purported actions or omissions, as would be required to state a claim under Section 1983.

Lastly, because the Plaintiff has failed to timely serve the notice of claim upon the MTA, the state law false arrest claim should be dismissed. Further amendments could not realistically cure these numerous, legally fatal flaws. Therefore, this Court should dismiss the Complaint with prejudice against the MTA.

**STATEMENT OF FACTS**

**I.   The Complaint's Allegations**

The following facts are drawn from the Complaint (ECF No. 1, Attachment 2) and only for purposes of this motion are to be assumed true. *See, e.g.*, *Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 349 (2d Cir. 2022).

The Plaintiff alleges that on November 6, 2023 at approximately 4:08 p.m., she "entered a Staten Island Bus … bearing Bus number 51" (Compl. ¶ 7), but "was immediately told to leave the bus by a John Doe defendant, who … worked for the MTA." *Id*. The Plaintiff concedes that the MTA employee did not answer the Plaintiff's question about "why [she] should leave the bus." Compl. at ¶ 8.  According to the Plaintiff's account, "[m]oments later, multiple John Doe defendant *NYPD police officers* entered the bus through the front and rear doors, approached plaintiff, and told her to get off the bus and arrested her." Compl. ¶ 9 (emphasis added).[2]

---

[2] While the Plaintiff specifically alleged in the Complaint that she was arrested by the NYPD police officers (Comp. ¶ 9), in the May 9, 2024 response letter to the MTA's motion for a pre-motion conference, the Plaintiff cited N.Y. Pub. Auth. Law § 1266-h and claimed that "[t]he MTA has its own police force at the Staten Island Terminal, who are just as empowered by the NYPD to make arrests." ECF No. 9 at page 2. However, the Plaintiff did not allege that she was arrested by any MTA police officers, and the MTA police force is not responsible for the security of subways and buses.

2

Without attaching a copy of the alleged notice of claim or specifying the date on which any such document was allegedly served on the MTA, the Complaint recites that "[w]ithin ninety days after the occurrence complained herein" the Plaintiff served a notice of claim "upon the defendants." Compl. ¶ 23.

In its May 9, 2024 response letter to the MTA's request for pre-motion conference concerning the untimely notice of claim, the Plaintiff attached a rejection notice dated February 9, 2024 from the New York City Transit Authority ("NYCTA"), not the MTA. ECF No. 9. However, the Plaintiff conveniently failed to include the defective and unsigned notice of claim that caused the rejection letter. See declaration of Marjorie Dorsainvil, the MTA Legal Department Principal Executive Secretary, dated May 15, 2024 ("Dorsainvil Decl."), at ¶¶ 4-6, Exhibits A and B. The rejection letter also specifically provided that the rejection of the notice of claim was done by the NYCTA, not the MTA. Dorsainvil Decl. ¶6, Exhibit B.

On March 11, 2024, the MTA received a notice of claim with an "affirmed statement of service" stating it was sent via certified mail on February 29, 2024. See Dorsainvil Decl., at ¶¶ 7, 11, Exhibit C.

---

"[I]n April 1995, the Transit Authority Police Department merged with the NYPD, thereby eliminating the Transit Authority Police Department and transferring all police responsibilities to the NYPD." *Davis v. City of N.Y.*, No. 16-cv-4097, 2017 U.S. Dist. LEXIS 138254, at *9 n.8 (E.D.N.Y. Aug. 24, 2017) (taking judicial notice of this history on a motion to dismiss and collecting cases), report and recommendation adopted, 2017 U.S. Dist LEXIS 189817 (E.D.N.Y. Nov. 15, 2017). Today, the NYPD Transit Bureau, not the MTA police, maintains the security of the subways and buses. https://www.nyc.gov/site/nypd/bureaus/transit-housing/transit.page; https://new.mta.info/safety-and-security.

Lastly, the N.Y. Pub. Auth. Law § 1266-h(1) specifically provides that the MTA police force can continue to rely on local police, like the NYPD, and only perform traditional police functions for the Long Island Rail Road Company and/or the Metro-North Commuter Railroad Company.

3

## II.     Procedural History

The Complaint was filed on April 12, 2024 in the Supreme Court of the State of New York, County of Kings, alleging: (1) state law false arrest against the City of New York and the MTA for being "vicariously liable for the acts and omissions of John Does 1-5 complained of herein, all of which were committed in the course and scope of their employment based upon respondent [sic] superior" (Compl. ¶ 25); (2) false arrest under 42 U.S.C. § 1983 (Compl. ¶ 30); (3) the City of New York and the MTA's "custom, policy, and practice of improper hiring, training, and supervision, allowing and permitting constitutional violations, tacitly permitting the abuse of detainees by officers, and failing to discipline officers so that [sic] such deficiencies were likely to cause a violation of civil rights" (Compl. ¶ 32); and (4) seeking attorney's fees and costs under 42 U.S.C. § 1988 (Compl. ¶ 37).

On April 18, 2024, the Plaintiff served the Complaint on the City of New York and the MTA. ECF No. 1, Attachments 3 and 4 – affidavits of service. On April 23, 2024, the City of New York consented to move the action from the state court to this Court. ECF No. 1. Attachment 5. On April 23, 2024, the MTA filed and served a Notice of Removal. ECF No. 1. On April 23, 2024, Magistrate Judge Marutollo issued a scheduling order. ECF No. 4.

After the MTA learned that it was unable to secure all parties' consent to the Magistrate Judge's jurisdiction, on April 30, 2024, the MTA filed a letter to Magistrate Judge Marutollo advising him of the anticipated motion to dismiss based on Rule 12(b)(6) pursuant to Administrative Order No. 2023-23, and asking that a District Court Judge be assigned to the case. ECF No. 6.

On May 1, 2024, Hon. Eric Vitaliano is assigned to the case, and following Section III.A of his individual rule, the MTA filed and served a letter motion requesting a pre-motion conference regarding the anticipated motion to dismiss based on Rule 12(b)(6) on the same day.

4

ECF No. 7. On May 9, 2024, the Plaintiff filed a letter in response to the MTA's anticipated motion to dismiss. ECF No. 9.

On May 13, 2024, the Court denied the MTA's motion for a pre-motion conference, and directed the parties to file a joint proposed briefing schedule. On May 13, 2024, the MTA filed the joint proposed briefing schedule for the motion to dismiss. ECF No. 10. On May 14, 2024, the Court granted the proposed briefing schedule for the MTA's motion to dismiss.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice, [and a court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (internal citations omitted). While a court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally" providing only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007).

## ARGUMENT

### I. Plaintiff's False Arrest Claim Must Be Dismissed

The Complaint's false arrest claim, brought against the MTA and the City of New York, makes the blanket allegation that both parties "unlawfully seized, searched, and falsely arrested Plaintiff." Compl. ¶ 16. For the reasons outlined below, the Complaint must be dismissed as

5

against the MTA. The entire Complaint contains no allegation that the MTA employee did anything other than tell the Plaintiff to "leave the bus". Compl. ¶ 7. This is insufficient to sustain a false arrest claim against the MTA employee by any standard. Further, the Plaintiff plainly admits that it was "NYPD police officers," not an MTA employee, who arrested her. *Id*. ¶ 9.[3] The Complaint must also be dismissed as against the MTA because: (i) it contains no credible non-conclusory allegations of official polices or widespread customs that caused an individual employee's single alleged action; and (ii) there are no plausible allegations of the MTA employee's intent to confine or actually confine the Plaintiff.

### A. The NYPD Police Officers, Not The MTA Employee, Arrested The Plaintiff Based Upon Their Own Independent Judgment

To the extent that the Court should construe the Plaintiff's false arrest claim as against the MTA, it must fail because only the NYPD police officers could plausibly be alleged to have arrested the Plaintiff on November 6, 2023.

To establish a claim for false arrest against a private individual, "a plaintiff must show that the defendant took an active role in the arrest of the plaintiff, such as giving advice and

---

[3] While the Plaintiff attempted to conflate the actual arrest by the NYPD police officers (Compl. ¶ 9) to "Defendant City of New York and Metropolitan Transit Authority" (Compl. ¶ 16), such contradictory efforts are unavailing. "Where an allegation in the complaint conflicts with other allegations, or where the plaintiff's own pleadings are contradicted by other matters asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint, the court is neither obligated to reconcile the pleadings with the other matter nor accept the allegation in the pleadings as true in deciding a motion to dismiss." *Spiteri v. Russo*, No. 12-CV-2780, 2013 U.S. Dist. LEXIS 128379, at *8 (E.D.N.Y. Sep. 7, 2013) (internal quotation marks and citation omitted)), *aff'd sub nom*. *Spiteri v. Camacho*, 622 F. App'x 9 (2d Cir. 2015).

Further, specific allegations that directly contradict general allegations will generally control. See *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (affirming dismissal of a complaint where "attenuated allegations" supporting claim were "contradicted . . . by more specific allegations in the complaint"). In this case, the Plaintiff has specifically identified the NYPD police officers who arrested her (Compl. ¶ 9), and the Court need not credit the inconsistent, conclusory, and general allegation in Compl. ¶ 16.

encouragement or importuning the authorities to act, and that the defendant intended to confine the plaintiff." *Vlach v. Staiano*, 604 F. App'x 77, 78 (2d Cir. 2015) (internal citation and quotation omitted). The private individual must have "affirmatively induced the officer to act," by "taking an active part in the arrest and procuring it to be made," or by acting with "active, officious and undue zeal to the point where the officer is not acting of his own volition." *Id.* (internal quotation marks omitted) (citing *Curley v. AMR Corp.*, 153 F.3d 5, 13-14 (2d Cir. 1998)).

All that is alleged here by the Plaintiff is that the MTA employee told her to "leave the bus." (Compl. ¶ 7). This simply does not—and cannot—meet the legal standard for false arrest: it supports neither a showing of intent to confine, or an active part in an arrest.

In contrast, "[w]hen police independently act to arrest a suspect on information provided by a party, that party is not liable for false imprisonment [i.e. arrest] — even if the information provided is later found to be erroneous." *Vlach*, 604 F. App'x at 78-79 (internal citation and quotation omitted). See also *Rodriguez v. N.Y. City Transit Auth.*, No. 06 Civ. 13762 (RJS), 2009 U.S. Dist. LEXIS 106464, at *16 (S.D.N.Y. Nov. 10, 2009) (a false arrest claim against a subway conductor would need to demonstrate that the police officer "did not exercise 'independent judgment' and that there was a 'plan, prearrangement, conspiracy, custom, or policy' existing between the police officer and the subway conductor.") citing *Ginsberg v. Healey Car & Truck Leasing*, 189 F.3d 268, 272 (2d Cir. 1999).

Given the circumstances alleged here—*i.e.*, the MTA employee asking the Plaintiff to leave the bus, and "moments later" the NYPD police officers entering the bus and allegedly arrested her—it is clear that any NYPD actions complained of by Plaintiff were taken "based on the officer's own independent judgment, rather than the directive of the private party" and in

7

such a scenario, "the private party will not be deemed a state actor." *Herman v. City of New York*, No. 15-cv-3059(JG), 2016 U.S. Dist. LEXIS 30293, at *9 (E.D.N.Y. Mar. 9, 2016).

In sum, because the NYPD police officers exercised their own independent judgment in arresting the Plaintiff, and there is no allegation whatsoever about the MTA employee controlling the police officers, or affirmatively inducing them to arrest her, the Complaint does not state a cognizable false arrest claim against the MTA employee and must be dismissed. See *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 423 (S.D.N.Y. 2013) ("the substitution of private judgment for police judgment necessary to constitute joint action").

B. **Even If The MTA Employee Had Sought Police Assistance, He Still Remain A Private Party, And Not A State Actor**

"It is well established that the summoning of police officers or the provision of information to police officers, even if that information is false or results in the officers taking affirmative action, is not sufficient to constitute joint action with state actors for purposes of Section 1983." *Harrison v. New York*, 95 F. Supp. 3d 293, 323 (E.D.N.Y. 2015) (collecting cases across the Second Circuit). Here, the Complaint alleges nothing at all that the MTA employee did to instigate Plaintiff's arrest. See *Russell v. Crossland Sav. Bank*, 111 F.3d 251, 257 (2d Cir. 1997) ("When police independently act to arrest a suspect on information provided by a party, that party is not liable for false imprisonment--even if the information provided is later found to be erroneous.").

Even assuming *arguendo* that the MTA employee had mistakenly asked for police assistance to remove the Plaintiff from the bus (something that is not even alleged in the Complaint), the MTA employee's action still would not change the fact that he is a private individual and not a state actor. *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012) ("Merely providing information to law enforcement, even if that

8

information is false or mistaken, does not render the supplier of information a state actor."). Private individuals may only be deemed state actors for purposes of Section 1983 if the private actor was "a willful participant in joint activity with the State or its agents." *Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 195-96 (E.D.N.Y. 2010). No such willful participation on the part of the MTA employee is even alleged in the Complaint.

In sum, the mere insinuation that the MTA employee sought police assistance after asking the Plaintiff to leave the bus is "insufficient to suggest state action." *Moore v. N.Y.C. Police Dep't*, No. 23-cv-1300(ER), 2023 U.S. Dist. LEXIS 161416, at *5 (S.D.N.Y. Sep. 12, 2023). Because the Plaintiff has failed to articulate any basis for a false arrest claim against the MTA employee, it must be dismissed. See *Betts v. Shearman*, 751 F.3d 78, 86 (2d Cir. 2014) (affirming the granting of motion to dismiss with "the false accusation of assault made against him by a private citizen to the police").

### C. Similarly Fatal To The Complaint, It Does Not Allege That The MTA Employee Intended To Confine Or Actually Confined The Plaintiff

Under both Section 1983 and New York law, a false arrest claim requires showing that: "(1) the defendant . . . intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Golden v. City of N.Y.*, 418 F. Supp. 2d 226, 232 (E.D.N.Y. 2006) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994) and *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "To prove intent, the defendant must have either: (1) confined or intended to confine plaintiffs, or (2) affirmatively procured or instigated the plaintiff's arrest." *Russell v. Crossland Sav. Bank*, 111 F.3d 251, 256 (2d Cir. 1997).

Neither intent nor actual confinement is plausibly pleaded here against the MTA employee, who simply asked the Plaintiff to leave the bus. As such, on this ground, too, the false

9

arrest claim must be dismissed against the MTA employee. See *Humbach v. Canon*, No. 13-CV-2512 (NSR), 2014 U.S. Dist. LEXIS 159632, at *10 (S.D.N.Y. Nov. 12, 2014) (dismissing the false arrest complaint when there is no allegation of confinement, and "simply asked her to leave").

### D. The Complaint Does Not State A Cognizable False Arrest Claim Against The MTA

Even if this Court were to construe the Plaintiff's false arrest claim as plausible against the MTA employee—and it should not for the reasons outlined above—the claim must still be dismissed for failing to state a cognizable claim against the MTA as a public benefit corporation. The Complaint contains no credible allegation, as it must, sufficient to demonstrate an adopted policy or widespread practice on the part of the MTA with respect to the employee's alleged action.

To state a claim under Section 1983, a plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered," *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986), because the "general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of [a] [d]efendant is required," *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989). "Thus, in order to sustain a claim for relief against a public benefit corporation, such as [the MTA], [a] plaintiff must allege the existence of an officially adopted policy or custom that caused his injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right." *Davis v. City of New York*, No. 16 CV 4097 (CBA)(LB), 2017 U.S. Dist. LEXIS 138254, at *10 (E.D.N.Y. Aug. 24, 2017).

The Complaint does nothing more than recite the conclusory statement that the MTA "had a custom, policy, and practice of improper hiring, training, and supervision." (Complaint ¶ 32). It does not point to "any *specific* [MTA] policy or custom or identify any *specific* instances

10

of past unconstitutional conduct" relevant to the underlying claim. *Adams v. City of New York*, 2023 U.S. Dist. LEXIS 57500, at *22 (E.D.N.Y. Mar. 31, 2023) (emphasis added). As such, the Plaintiff's allegations fall "far short of establishing a practice that is so persistent and widespread as to justify the imposition of municipal liability." *Giaccio v. City of New York*, 308 Fed. Appx. 470, 472 (2d Cir. 2009) (internal citation and quotation omitted). They are, in fact, nothing more than threadbare speculation and conclusory statements—inadequate to state a claim under applicable law.

The absent of any such plausible allegation is fatal to this claim against the MTA.[4] At most, the Complaint articulates a single verbal instruction by the MTA employee to leave the bus. Even construed in the light most favorable to the Plaintiff, this innocuous verbal instruction could never be more than the sort of "isolated conduct" that requires dismissal of a Section 1983 claim against an entity. *Byrd v. Metro. Transit Auth.*, No. 15-cv-1364, 2015 U.S. Dist. LEXIS 98622, at *7-9 (E.D.N.Y. July 28, 2015) (dismissing Section 1983 claim against the MTA and affiliate based on alleged "isolated conduct by a rogue officer" employed by the affiliate); *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 425-26 (S.D.N.Y. 2013) (same, when allegations against the MTA were "limited to the incident on January 10, 2012 concluding in Mr. Sullivan's arrest, which does not in itself suggest a widespread custom with force of law").

In substance, the Complaint seeks to hold the MTA responsible for the alleged conduct of a lower-level employee based solely on vicarious liability. A Section 1983 action is not sustainable on these facts and circumstances, and must be dismissed accordingly. See *Ganesh v.*

---

[4] To the extent the Complaint is construed as challenging some unidentified policy and/or custom of the MTA in seeking police assistance after asking a passenger to leave the bus, the Complaint also "fails to plead facts showing how such a policy is unconstitutional." *Jallow v. City of N.Y.*, No. 20 Civ 6260 (LGS), 2021 U.S. Dist. LEXIS 243537, at *10 (S.D.N.Y. Dec. 21, 2021) *affd*. 2021 U.S. App. LEXIS 32831 (2d Cir. 2021).

*N.Y. City Transit Auth.*, No. 19-CV-139(KAM)(LB), 2019 U.S. Dist. LEXIS 176322, at *7 (E.D.N.Y. Oct. 7, 2019).

II.  **The Plaintiff's State Law False Arrest Claim Must Be Dismissed For Failure To Timely File A Notice Of Claim As Required By New York Law**

   A.  **The Plaintiff Failed To Timely Serve The Notice Of Claim Upon The MTA**

The Plaintiff's state law false claim also merits dismissal for failure to timely file a notice of claim with the MTA, a condition precedent under New York law.

Under New York law, an individual must file a notice of claim with the MTA within ninety days of an incident as "a condition precedent to bringing a personal injury action" against a public benefit corporation. *Parise v. N.Y.C. Dep't of Sanitation*, 306 F. App'x 695, 697 (2d Cir. 2009); *see* N.Y. Gen. Mun. Law § 50(e)(1); N.Y. Pub. Auth. Law § 1276(2) (applying Section 50(e) to MTA). The requirement applies to state tort claims brought as pendent claims in a federal civil rights action. See *Fincher v. County of Westchester*, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997)

"The plaintiff bears the burden of demonstrating compliance with the notice of claim requirement." *Chabot v. Cty. of Rockland*, No. 18-cv-4109, 2019 U.S. Dist. LEXIS 124568, at *25 (S.D.N.Y. July 25, 2019). "Notice of claim requirements are construed strictly by New York state courts, and failure to abide by their terms mandates dismissal of the action for lack of subject-matter jurisdiction." *Tulino v. City of N.Y.*, No. 15-cv-7106, 2016 U.S. Dist. LEXIS 66012, at *3 (S.D.N.Y. May 19, 2016) (internal quotation marks omitted).

The Plaintiff did not timely file a notice of claim and has not demonstrated that she did. The Complaint merely recites a conclusory and formulaic statement that a notice of claim was filed with the "defendants" "[w]ithin ninety days after the occurrence complained herein." Complaint ¶ 23. But this was not so with respect to the MTA, a fact that the Court can take

12

judicial notice of. *See, e.g.*, *Cooper v. City of New York*, No. 17-CV-1517(NGG)(RLM), 2018 U.S. Dist. LEXIS 170197, at *4 (E.D.N.Y. Sept. 29, 2018) (courts in the Second Circuit may take judicial notice of a notice of claim where a complaint directly references the plaintiff's notice of claim); *Alvarez v. Cnty. of Orange*, N.Y., 95 F. Supp. 3d 385, 395 (S.D.N.Y. 2015) (collecting cases).

The Plaintiff's 90-day mandate to file a notice of claim started accruing on November 6, 2023.[5] *Wheeler v. City of Middletown*, 2021 U.S. Dist. LEXIS 102770 (S.D.N.Y. Jun. 1, 2021) (false arrest claim accrued when plaintiff was released from custody). However, it was not until March 11, 2024 – 126 days after the date of the alleged arrest – that the MTA received a notice of claim, along with an "affirmed statement of service" by the Plaintiff's attorney's office sent via certified mail on February 29, 2024 (115 days after the date of the arrest). See Dorsainvil Decl. at ¶¶ 7, 11, Exhibit C.

### B. The November 2023 Unsigned Notice Of Claim Was Emailed To The NYCTA, Not The MTA

In its May 9, 2024 letter, the Plaintiff claimed that the notice of claim "was served electronically on the MTA on November 29, 2023" and that the MTA "even sent its attached form rejection notice dated February 9, 2024". ECF No. 9, page 3. This is not true.

First, the notice of claim that the Plaintiff electronically sent on or about November 20, 2023 was to the email address: serviceclaims@nyct.com. That is an email address set up for the

---

[5] The Plaintiff did not allege that she was held custody beyond the date of her arrest. New York courts have held that "an arrest-to-arraignment delay in excess of 24 hours is presumptively 'unnecessary' within the meaning of [N.Y. Crim. Proc. Law § 140.20]." *Mazza v. City of New York*, No. 98-CV-2343, 1999 U.S. Dist. LEXIS 13192, at *10 (E.D.N.Y. July 13, 1999); see also *People ex rel. Maxian v. Brown*, 77 N.Y.2d 422, 427 (1991) (holding that "the steps leading up to arraignment can generally be accomplished well within 24 hours after arrest," and that longer delays are unnecessary pursuant to N.Y. Crim. Proc. Law § 140.20).

13

NYCTA, not the MTA. See Dorsainvil Decl. at ¶4, Exhibit A. Second, that notice of claim was unsigned and was therefore rejected. *Id* at ¶5, Exhibit B. Third, the rejection notice dated February 9, 2024 specifically provided in the first sentence that "[w]e have reviewed your Notice of Claim against the New York City Transit Authority." *Id*. at ¶6, Exhibit B. The November 2023 unsigned notice of claim was never served on the MTA, nor has it been rejected by the MTA. Since the NYCTA and the MTA are two separate legal entities, the MTA was not served with the notice of claim until March 11, 2024.[6] *Id*. at ¶ 7, Exhibit C.

Since it is undisputed that the Plaintiff failed to timely serve the notice of claim the state law false arrest claim should be "dismissed with prejudice" against the MTA. *Asseng v. County of Nassau*, No. 14-CV-5275(JS)(AYS), 2015 U.S. Dist. LEXIS 100310, at *6-7 (E.D.N.Y. Jul. 30, 2015); *Myers v. City of New York*, 2015 U.S. Dist. LEXIS 199107, at *53 (S.D.N.Y. Sep. 30, 2015) ("[f]ederal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice.") (internal citation and quotation omitted).

### III.  The Complaint Should Be Dismissed With Prejudice

The Complaint should be dismissed as against the MTA with prejudice. Under Federal Rule of Civil Procedure 15(a)(2), "[l]eave to amend is to be freely given when justice requires." It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Where it appears that granting

---

[6] The Courts have generally recognized that the MTA and the NYCTA are two different legal entities. See *Bordeau v. Metro. Transit Auth.*, No. 06-cv-6781 (DLI)(RER), 2008 U.S. Dist. LEXIS 75786, *4 (E.D.N.Y. Sep. 30, 2008) ("Under New York law, 'the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility.") citing *Adams v. New York City Transit Auth.*, 140 A.D.2d 572 (2d Dep't 1988). As such, the Plaintiff's defective Notice of Claim to the NYCTA should not be conflated with the Notice of Claim to the MTA in this case, especially when the Complaint is specifically against the MTA.

14

leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam)).

That is the case here. The Complaint should be dismissed with prejudice, because there are no facts that the Plaintiff can plausibly allege that would alter the reality that the MTA employee did not arrest the Plaintiff, was not a state actor to this Section 1983 claims, nor that there is any policy or custom of the MTA that is likely to cause a violation of civil right by its employees seeking police assistance. The leave to amend would thus be futile.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed against the MTA and its employee with prejudice.

Dated: New York, New York
   May 28, 2024

Respectfully submitted,

PAIGE GRAVES
General Counsel
METROPOLITAN
TRANSPORTATION AUTHORITY

By: /s/ Hsiao-Hsiang (Catherine) Wan
  Hsiao-Hsiang (Catherine) Wan
  Deputy General Counsel
  2 Broadway, 24th Floor
  New York, New York 10004
  Tel: (646) 252-7295
  hsiao.wan@mtahq.org

  *Attorney for Defendant*
  *Metropolitan Transportation*
  *Authority*