

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARIAM KHAN**
*Assistant Corporation Counsel*
Phone: 212-356-2662
markhan@law.nyc.gov

July 8, 2024

**BY ECF**
Honorable Lara K. Eshkenazi
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Conswaler Fitzroy v. City of New York, et al.</u>
23 Civ. 3016 (ENV)(JAM)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel for the City of New York, and the attorney assigned to the above-referenced matter. Defendants write to respectfully request an order compelling Plaintiff to execute a 160.50 release by a date certain. Additionally, Defendants respectfully request a 45 day enlargement of time to answer the complaint, and an adjournment of the July 22, 2024, initial status conference. This is Defendant's second request for an extension and adjournment of the conference and it is Defendant's first motion to compel. The undersigned was unable to reach Plaintiff's counsel for his consent to this request as it is my understanding that he is currently on vacation.

By way of background, on April 23, 2204, Plaintiff initiated the instant action alleging, *inter alia*, false arrest and municipal liability arising out of Plaintiff's arrest that took place on November 6, 2023. (ECF No. 1-2). On May 7, 2024, the City requested a 60-day enlargement of time to respond to the complaint. (ECF No. 8). As detailed in the City's motion, the City requested the 60 days to allow time to obtain executed releases, including a New York C.P.L. §160.50 release from Plaintiff so that this Office could obtain the relevant New York City Police Department, District Attorney's Office and Criminal Court records pertaining to plaintiff's underlying arrest, as it is our understanding those records are sealed pursuant to law. (*See* ECF No. 8). On May 1, 2024, the Court granted the City's request and extended the deadline for the City to respond to the complaint to July 8, 2024. (Court Order dated May 7, 2024).

Since then, this Office has made multiple attempts to obtain the executed releases from Plaintiff's attorney. On May 9, 2024, this Office wrote to Plaintiff's counsel requesting that

Plaintiff sign and execute HIPAA and 160.50 releases. This Office received no response to that correspondence. On June 10, 2024, this Office wrote again to counsel requesting that Plaintiff provide executed releases. This Office also did not receive a response to that correspondence. To date, this Office has not received executed releases from Plaintiff. On July 2, 2024, the undersigned contacted Plaintiff's counsel to get an update on the releases. Plaintiff's counsel informed the undersigned that executed releases will be provided but did not provide a date certain for providing the releases.

Accordingly, Defendants respectfully request that the Court compel Plaintiff to execute the 160.50 release for this litigation by a date certain. Plaintiff is specifically challenging her arrest and claims to have suffered injuries. *See* ECF No. 1. The § 160.50 release is necessary for this Office to access the City of New York's own records concerning Plaintiff's arrest. *See, e.g.*, *Lehman v. Kornblau*, 206 F.R.D. 345, 348 (E.D.N.Y. 2001) ("As a threshold matter, this court finds that the defendant is, generally, entitled to the 'official records and papers' that were sealed pursuant to § 160.50, and they must be produced, subject to the additional rulings in this order regarding exceptions and privileges raised by the defendants."); *Weir v. City of New York*, No. 05 Civ. 9268 (DFE), 2007 U.S. Dist. LEXIS 98017, at *7-8 (S.D.N.Y. Feb. 16, 2007) ("I direct plaintiff to provide the New York city Law Department…with a signed and notarized release of his rights under New York Criminal Procedure Law Section 160.50…"); *Cabble v. Rollieson*, No. 04 Civ. 9413 (FM), 2006 U.S. Dist. LEXIS 7385, at *28-29 (S.D.N.Y. Feb. 26, 2006) ("The motion to compel is therefore granted, and *Cabble* is directed to execute the Section 160.50 releases and return them to the Law Department"). Without it, this Office would be unable to know all the facts and circumstances of Plaintiff's arrest. Courts have consistently held that production of a § 160.50 release is not considered discovery and should be produced prior to defendant's answer where the plaintiff is challenging their underlying arrest. *See Cabble*, 2006 U.S. Dist. LEXIS 7385, at *24-25 (a request for a 160.50 release is not considered a discovery request, and merely grants the City access to its own records); *see also Green v. Montgomery*, 43 F. Supp. 2d 239, 244 (E.D.N.Y. 1999) (discussing implied waiver of confidentiality). Access to the sealed documents relating to Plaintiff's underlying arrest are needed to adequately defend this matter.

Additionally, to the extent the Court is inclined to grant the within request, Defendants respectfully request that the Court extend defendant's time to respond to the complaint to 45-days from the date by which plaintiff is ordered to provide the relevant releases. Finally, again, to the extent the Court is inclined to grant the within requests, defendant respectfully requests an adjournment of the July 22, 2024, conference to a date and time convenient to the Court after the deadline to answer the complaint.

The undersigned apologizes to the court for the lateness of this application and thanks the Court for its consideration.

Sincerely,

/s/ Mariam Khan
Mariam Khan
Assistant Corporation Counsel

cc:   ALL COUNSEL (via ECF)