

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 Church Street
NEW YORK, NY 10007

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

December 19, 2025

**BY ECF**
Honorable Lara K. Eshkenazi
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:     Conswaler Fitzroy v. Metropolitan Transit Authority, et al.,
              24-CV-3016 (ENV)(LKE)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, and the attorney representing the City of New York in the above referenced matter. Defendant writes to respectfully request a 60-day extension of the current discovery deadline, from December 24, 2025 to February 22, 2026, to permit Defendants to obtain and review one remaining set of medical records identified during Plaintiff's deposition and, if warranted, complete Plaintiff's deposition.

      As the parties previously advised, during Plaintiff's deposition Defendants identified five (5) medical providers whose treatment had not been previously disclosed, and whose records were necessary to complete discovery. The Court granted the parties' prior request to extend discovery so Defendants could attempt to obtain and review those records. Since that time, Defendants have obtained four (4) of the five sets of records needed to complete discovery.

      The remaining records are from Richmond University Medical Center ("RUMC"). Defendant City submitted the RUMC request on October 20, 2025, using a HIPAA authorization executed by Plaintiff shortly after her deposition. On December 9, 2025, seven weeks later, Defendants received a rejection from the records custodian based on deficiencies in the authorization. The undersigned promptly contacted Plaintiff, assisted her in correcting the deficiencies identified by the custodian, and processed the newly executed HIPAA authorization on December 11, 2025. To date, Defendants have not yet received a response from the records custodian. The RUMC records are particularly relevant in this matter, as they pertain to the follow up treatment sought by Plaintiff shortly following the incident. Given the processing times involved—and the fact that this is the final outstanding set of records—Defendants respectfully

submit that a 60-day extension is warranted to obtain and review the records and, if necessary, complete Plaintiff's deposition based on the contents of those records.

Now that the majority of the records have been obtained, the City is also continuing to evaluate potential resolution of this matter without the need for motion practice and will use the additional time to continue that assessment.

This Office has conferred with counsel for defendant Metropolitan Transportation Authority, which joins in this request. The undersigned also conferred with Plaintiff, who is proceeding *pro se*, but Plaintiff did not state a position on this request as of the filing of this letter.

The Defendants thank the Court for its time and consideration of this request.

Respectfully Submitted,

/s/ *John McLaughlin*

John McLaughlin
Attorney for Defendant City
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc: **VIA ECF**
Hsiao-Hsiang Wan
Metropolitan Transportation Authority HQ
2 Broadway
Ste D24.42
New York, NY 10004
646-252-7295
Hsiao.Wan@MTAHQ.ORG
*Attorney for Codefendant MTA*

Robert Kenneth Drinan
NYC Transit Authority
130 Livingston Street, 12th floor
Brooklyn, NY 11201
(718) 694-3892
Fax: (718)694-4020
robert.drinan@nyct.com
*Attorney for Codefendant MTA*

**VIA E-MAIL**
Conswaler Fitzroy
conyfittzz@gmail.com
*Plaintiff Pro Se*

iii