

**STEVEN BANKS**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 Church Street
NEW YORK, NY 10007

JOHN MCLAUGHLIN
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

February 23, 2026

**BY ECF**
Honorable Lara K. Eshkenazi
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Conswaler Fitzroy v. Metropolitan Transit Authority, et al.,
24-CV-3016 (ENV)(LKE)

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, and the attorney representing the City of New York in the above-referenced matter. Defendants respectfully write to request: (1) a one-month extension of the current discovery deadline, from February 23, 2026 to March 23, 2026, to permit Defendants to obtain and review the final outstanding set of medical records; and (2) that the Court so-order the enclosed subpoena directed to Richmond University Medical Center ("RUMC") to facilitate production of those records. This is Defendants' second request for an extension of the discovery deadline. Codefendant Metropolitan Transportation Authority joins in this request. Plaintiff, who is proceeding pro se, opposes a further extension.

Defendants acknowledge that this request is not being filed two business days in advance of the deadline, as required by the Court's Individual Rules. Defendants respectfully apologize for the late filing. As set forth more fully below, Defendants have been actively attempting to obtain the outstanding records from RUMC's third-party records custodian, MRO, through the close of last week—including a telephone call and email resubmission on February 19, 2026—and were unable to determine whether this application would be necessary until it became clear that MRO would not produce the records in advance of today's deadline.

As this Court is aware, during Plaintiff's deposition on September 9, 2025, Defendants identified five previously undisclosed medical treatment providers whose records are material to the claims and defenses in this action. (*See* ECF Nos. 28, 29.) The Court has twice extended discovery deadlines to permit Defendants to obtain and review those records. (*See* Text Only Orders dated Oct. 14, 2025 and Dec. 23, 2025.) Defendants have since obtained four of the five sets of records. The sole remaining records are from RUMC, which pertain to follow-up

treatment Plaintiff sought shortly following the incident at issue and are therefore particularly relevant to evaluating Plaintiff's claimed injuries.

Defendants have exercised consistent diligence in attempting to obtain these records through the HIPAA authorization process, but have been unsuccessful despite repeated efforts over the course of nearly four months. The relevant timeline is as follows:

1. On October 20, 2025, Defendant City submitted a records request to RUMC accompanied by Plaintiff's executed HIPAA authorization, which was obtained shortly after Plaintiff's deposition.

2. On October 30, 2025, RUMC informed Defendants that the request had been forwarded to its third-party records custodian, MRO.

3. On November 24, 2025, Defendants followed up with MRO on the status of the request.

4. On December 1, 2025, MRO responded that there were no current issues with the request.

5. On December 9, 2025—despite the prior assurance—MRO notified Defendants that the request had been rejected. The sole deficiency cited was that Plaintiff had listed an inverted date range for the records requested, notwithstanding that she had also checked the box requesting her entire medical record.

6. On December 10, 2025—just one day after the deficiency was identified—the undersigned contacted Plaintiff, assisted her in executing a corrected HIPAA authorization, and submitted the new authorization to MRO.

7. On January 20, 2026, Defendants followed up with MRO but received no update or records.

8. On February 19, 2026, this Office was able to reach MRO by telephone. MRO provided an email address and instructed Defendants to resubmit the request. Defendants did so that same day, emphasizing the urgency and the extended period the request had been pending.

9. As of the date of this filing, Defendants have received no response to the resubmitted request, and no records have been produced.

In light of the foregoing, Defendants have exhausted the HIPAA authorization process as a means of obtaining these records. Defendants therefore respectfully request that the Court so-order the enclosed subpoena duces tecum directed to RUMC, commanding production of certified copies of Plaintiff's complete medical records. This approach is consistent with how courts in this District routinely facilitate production of medical records from non-party providers when voluntary compliance has not been forthcoming, and will ensure that the parties and the Court have a complete evidentiary record.

Defendants further request a one-month extension of the discovery deadline—from February 23, 2026 to March 23, 2026—to allow sufficient time for RUMC to comply with the subpoena, for Defendants to review the records, and, if warranted by their contents, to complete Plaintiff's deposition, which the parties previously agreed to leave open pending receipt and

review of all medical documentation. This modest extension serves the interests of judicial economy by ensuring a complete factual record before any dispositive motion practice.

        This Office has conferred with counsel for defendant Metropolitan Transportation Authority, which joins in this request. The undersigned also conferred with Plaintiff, who is proceeding pro se and who opposes a further extension of discovery. Defendants are sympathetic to Plaintiff's desire to move this case forward; however, the RUMC records—which pertain to treatment Plaintiff sought shortly after the incident—remain outstanding through no fault of either party. Plaintiff herself does not possess these records. Without them, the evidentiary record will be incomplete, potentially prejudicing both sides' ability to fairly evaluate the claims and defenses at issue. A brief, one-month extension to permit compliance with the subpoena is the narrowest relief necessary to avoid that outcome.

        For the Court's convenience, Plaintiff's previously executed HIPAA authorization is enclosed as Exhibit A, and the proposed subpoena duces tecum to RUMC, c/o MRO, is enclosed as Exhibit B. Defendants respectfully request that the Court endorse the subpoena so that it may be served on RUMC forthwith.

        Defendant City thanks the Court for its time and consideration of this request.

Respectfully Submitted,

*/s/ John McLaughlin*

John McLaughlin
Attorney for Defendant City
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc: **VIA ECF**
*All counsel of record.*

**VIA E-MAIL**
Conswaler Fitzroy
conyfittzz@gmail.com
*Plaintiff Pro Se*